**[J-82A-2024 and J-82B-2024] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| FAITH GENSER AND FRANK MATIS | : | No. 26 WAP 2024 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court entered |
| | : | September 5, 2024, at No. 1074 CD |
| | : | 2024, Reversing the Order of the |
| BUTLER COUNTY BOARD OF | : | Court of Common Pleas of Butler |
| ELECTIONS, REPUBLICAN NATIONAL | : | County entered August 16, 2024, at |
| COMMITTEE, REPUBLICAN PARTY OF | : | No. MSD-2024-40116. |
| PENNSYLVANIA, AND THE | : | |
| PENNSYLVANIA DEMOCRATIC PARTY | : | SUBMITTED:  September 26, 2024 |
| | : | |
| | : | |
| | : | |
| APPEAL OF: REPUBLICAN NATIONAL | : | |
| COMMITTEE AND REPUBLICAN PARTY | : | |
| OF PENNSYLVANIA | : | |
| | | |
| FAITH GENSER AND FRANK MATIS | : | No. 27 WAP 2024 |
| | : | |
| | : | Appeal from the Order of the |
| v. | : | Commonwealth Court entered |
| | : | September 5, 2024, at No. 1085 CD |
| | : | 2024, Reversing the Order of the |
| BUTLER COUNTY BOARD OF | : | Court of Common Pleas of Butler |
| ELECTIONS, REPUBLICAN NATIONAL | : | County entered August 16, 2024, at |
| COMMITTEE, REPUBLICAN PARTY OF | : | No. MSD-2024-40116. |
| PENNSYLVANIA, AND THE | : | |
| PENNSYLVANIA DEMOCRATIC PARTY | : | SUBMITTED:  September 26, 2024 |
| | : | |
| | : | |
| APPEAL OF: REPUBLICAN NATIONAL | : | |
| COMMITTEE AND REPUBLICAN PARTY | : | |
| OF PENNSYLVANIA | : | |


**<u>CONCURRING OPINION</u>**


**JUSTICE DOUGHERTY**                              **DECIDED: OCTOBER 23, 2024**

I join the majority opinion in full. I write separately only to observe the fact that the majority and my learned colleagues in dissent interpret the relevant statutes differently does not in any way suggest "this Court has exceeded the scope of judicial review and usurped the General Assembly's power to regulate federal elections." Dissenting Opinion at 4 (Mundy, J.), *citing Moore v. Harper*, 600 U.S. 1, 36 (2023) ("state courts may not transgress the ordinary bounds of judicial review such that they arrogate to themselves the power vested in state legislatures to regulate federal elections"). On the contrary, the majority's cogent analysis **effectuates** the intent of our General Assembly to enable provisional voting, even if the dissenters disagree. In short, I am confident the Court has not "so exceed[ed] the bounds of ordinary judicial review as to unconstitutionally intrude upon the role specifically reserved to state legislatures by Article I, Section 4, of the Federal Constitution[,]" *Moore*, 600 U.S. at 37, by merely resolving a state statutory interpretation question duly raised by the litigants in a case on our normal appellate docket. That is, quite literally, our job. *See, e.g.*, *Robinson Twp., Washington Cty. v. Commonwealth*, 83 A.3d 901, 991 (Pa. 2013) ("Our Constitution vests . . . judicial power in a unified judicial system and, ultimately, in the Supreme Court. *See* PA. CONST. art. II, §1; art. IV, §1; art. V, §1. The judiciary interprets and applies the law, and its proper domain is in the field of the administration of justice under the law.") (internal quotations and citation omitted).